# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ST. MICHAEL'S MEDIA, INC., 2840 Hilton Road, Ferndale, MI 48220,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF BALTIMORE; JAMES SHEA, in his personal and official capacities, c/o City Hall, Room 101, 100 N. Holliday Street, Baltimore, MD 21202; and BRANDON M. SCOTT, in his personal and official capacities, City Hall - Room 250, 100 N. Holliday St, Baltimore, MD 21202,<br><br>Defendants. | Case No. _____<br><br>**VERIFIED COMPLAINT**<br><br>**Right of Free Speech**<br>**Right of Free Association**<br>**Right of Free Exercise**<br>**Establishment Clause**<br><br>**U.S. Const. Amend. I; 42 U.S.C. § 1983**<br><br>[JURY DEMANDED] |

For its Verified Complaint against Defendants, St. Michael's Media, Inc. hereby alleges and complains as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202, and 42 U.S.C. § 1983.

2. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## THE PARTIES

3. Plaintiff St. Michael's Media, Inc. ("St. Michael's") is a registered 501(c)(3) nonprofit organization formed under the laws of Michigan that publishes news stories about societal issues and a particular focus on the Catholic Church. It sometimes dissents from the mainstream Catholic Church hierarchy, and is vocal about this dissent.

4. Defendant The City of Baltimore is a municipal corporation duly incorporated and authorized under the laws of the State of Maryland pursuant to its charter. The City of Baltimore is authorized under the laws of the State of Maryland to maintain its Department of Transportation,

- 1 -
Verified Complaint

which acts as the City of Baltimore's agent for licensing, permitting, and approval of demonstrations such as rallies.

5. Defendant James L. Shea is the City Solicitor for the City of Baltimore, Maryland. Shea is a public official for the City of Baltimore, he has the authority to approve or deny permits for groups of individuals to conduct rallies within Baltimore, using authority granted to him by the Mayor of Baltimore and the City of Baltimore. He exercised this authority in an unconstitutional manner, as explained in this Complaint. Shea is sued in both his official and individual capacities.

6. Defendant Brandon M. Scott is the Mayor of Baltimore. Mayor Scott oversees the Baltimore Department of Transportation, appointed Defendant Shea to the position of City Solicitor, and has authority over Shea in carrying out Shea's duties as City Solicitor. Mayor Scott is sued in both his official and individual capacities.

## STATEMENT OF RELEVANT FACTS

7. St. Michael's publishes news articles and videos about current events of interest to Catholics. St. Michael's often criticizes the current leadership of the church, *inter alia* in regard to the perception of corruption in the Church and claims that the Church protects priests and other church officials responsible for the sexual abuse of minors.

8. The United States Conference of Catholic Bishops (the "USCCB") is scheduled to conduct its Fall General Assembly during the period of November 15-18, 2021, at the Baltimore Waterfront Marriott Hotel in Baltimore, Maryland. Numerous bishops and other high-ranking members of the Catholic Church will be in attendance at this event.

9. On June 16, 2021, St. Michael's prepared to hold a prayer rally at the MECU Pavilion in Baltimore, Maryland on November 16, 2021, titled the "Bishops: Enough is Enough Prayer Rally." The MECU Pavilion is directly across from the Waterfront Marriott Hotel. Starting on this date, St. Michael's entered into valid contractual relationships with Royal Farms Arena ("Royal Farms"), the contracting agency hired by the City of Baltimore to manage events at the MECU Pavilion.

10. St. Michael's chose this date and location for its rally specifically because it would take place at the same time and immediately adjacent to the USCCB Fall General Assembly. The purpose

of the rally is to engage in protected speech criticizing elements of the power structure of the Catholic Church in a situation where the speech would reach the Church's leadership.

11. St. Michael's rally will include praying the Rosary, and thus will be an explicitly religious demonstration.

12. St. Michael's held this same kind of rally, at the exact same location and also coinciding with the USCCB's Fall General Assembly, in November 2018. The City of Baltimore permitted St. Michael's to hold this rally. No individuals nor property were harmed or damaged during this rally. It was entirely peaceful, lawful, and uneventful.

13. Prior to August 5, 2021, Royal Farms did not indicate there would be any problems with St. Michael's conducting the planned rally. Relying on Royal Farms' acceptance of the rally, St. Michael's paid a $3,000 deposit to Royal Farms, which it accepted and deposited. St. Michael's then spent several weeks communicating with Royal Farms regarding the logistics of conducting the rally. St. Michael's also began publicly promoting the rally, resulting in thousands of reservations and booking over a dozen speakers to discuss topics of interest to rally-goers.

14. On August 5, 2021, Royal Farms notified St. Michael's that it was unilaterally cancelling the rally. It provided no explanation for this development and told St. Michael's to contact Defendant Shea for additional information.

15. On August 6, 2021, St. Michael's CEO, Michael Voris, spoke with Shea regarding the cancellation of the November 16 rally. Shea told Mr. Voris that his office had received reports that St. Michael's had "ties to the January 6 [2021] riot" at the Capitol building in Washington, D.C. Mr. Voris immediately told Shea that this was categorically false and asked for the source of any such reports. Shea responded that he had not found any such reports himself, but that unspecified "people" had told him such reports were widely available on the internet.

16. Such reports are not widely available. In fact, no one has ever accused St. Michael's of being involved in any capacity with the events of January 6, nor anything of the sort. No one could reasonably come to the conclusion that such reports existed, and no one could have told Shea this with even a scintilla of credibility.

17.     After Mr. Voris explained to Shea how this allegation was false, Shea claimed that his office, after conducting a risk assessment, determined that St. Michael's posed a "risk of violence," including potential property damage, and a threat to safety at the MECU Pavilion while the USCCB's Fall General Assembly was going on. He then explained that he had instructed Royal Farms to cancel its contract with St. Michael's. He also mentioned that the proximity of the MECU pavilion to high-scale properties in Maryland was a factor in deciding to cancel the rally.

18.     Mr. Voris asked Shea for any evidence of reports about St. Michael's involvement in the events of January 6. Shea refused to provide any such evidence.

19.     Mr. Voris told Shea that St. Michael's Media had safely held a fully peaceful rally for the same purpose and in the same circumstances in 2018, to which Shea only responded "well, a lot has changed in three years."

20.     On information and belief, Shea has ties to the USCCB. Mr. Voris asked Shea during this call whether anyone from or related to the USCCB had asked him to cancel the November 16 rally. Shea responded "I can neither confirm nor deny that."

21.     Shea did not offer any accommodations to St. Michael's Media.

22.     Shea stated during this call that he had the authority to decide to cancel St. Michael's contract with Royal Farms, and that he did in fact exercise this authority to cancel the contract.

23.     After this conversation, St. Michael's continued to attempt to resolve its dispute with Defendants informally, concluding with a demand letter it sent on August 27, 2021, giving Defendants until September 3, 2021, to allow the rally to go forward.

24.     Defendants ignored this demand, and St. Michael's is left with no choice but to seek redress from this Court.

25.     Shea provided no prior notice of his decision to cancel St. Michael's contract.

26.     There are no official means of challenging Shea's decision to cancel St. Michael's contract, nor did Shea provide any informal means for doing so.

27.     Mr. Voris asked Shea what criteria he used in deciding to cancel St. Michael's contract. Shea refused to provide this information. Presumably, he will be forthcoming during his deposition.

28. On information and belief, Shea did not, in fact, engage in any kind of investigative or fact-finding process before deciding to cancel St. Michael's contract.

29. No one credibly told Shea that St. Michael's planned rally posed any risk of violence to anyone or anything, and his office did not find any such risk of violence.

30. On information and belief, Shea was told by USCCB members that the content of speech during St. Michael's rally would be uncomfortable or offensive for the attendants of its Fall General Assembly to hear.

31. Shea unilaterally canceled St. Michael's contract with Royal Farms because the USCCB told him to, or for other unconstitutional reasons.

32. On information and belief, the reason Royal Farms refuses to fulfill its obligations to St. Michael's is because the Government Defendants insisted that it cancel the contract.

33. The entire purpose of the November 16 rally is to communicate the ideas of St. Michael's members and attending speakers to the USCCB in a format and in a venue that they cannot ignore. Conducting the rally at a different time or in a different place would completely neuter the expressive elements of the rally – presumably, this is the reason that the lawful assembly will not be allowed without the intervention of this Court.

34. Similarly, praying the Rosary, a traditional Catholic series of prayers, will be significant at the rally because of the proximity to the USCCB, as it will express the rally-goers' refutation of the USCCB claim to legitimacy as a religious institution. Conducting the rally at a different time or in a different place would also neuter the religious significance of the rally.

35. St. Michael's has been harmed, and will continue to be harmed, by Shea's unconstitutional actions. St. Michael's has expended significant sums of money in purchasing and moving equipment for the rally and entering into other contractual relationships in anticipation of it. It will not be possible for St. Michael's to recoup all of these costs if the rally does not go forward.

36. St. Michael's also will not be able to conduct its rally unless emergency injunctive relief to restore the *status quo ante* is granted. The November 16 rally is intended to be large, with thousands of attendants. Preparing for it requires St. Michael's not only to expend significant sums of money,

but also to enter into contracts with third parties, including but not limited to guest speakers and audio-visual equipment providers. St. Michael's is not able to make these preparations while Defendants' position is that St. Michael's chosen venue is unavailable for the event. If it remains unclear by September 20, 2021 whether Defendants will allow St. Michael's rally to go forward, it is extremely unlikely St. Michael's will have sufficient time to make arrangements for the rally, meaning delay in granting injunctive relief beyond this date will have the effect of cancelling it.

37. Thousands of rally-goers also purchased plane tickets and made hotel reservations in anticipation of the rally, many of which expenses cannot be recouped or refunded. St. Michael's reputation will be harmed if these rally-goers end up having wasted their money due to Shea's unconstitutional actions.

38. St. Michael's good-will among the general public will also be further harmed if the rally remains canceled, as the purported justification for this cancellation is Shea's patently false claim that St. Michael's Media was involved in the January 6 riot and poses a risk of violence. These allegations are fundamentally incompatible with St. Michael's views, message, and public image.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Right of Free Speech – U.S. Const. Amend. I; 42 U.S.C. § 1983

39. Plaintiff incorporates each preceding paragraph as though set forth fully herein.

40. St. Michael's November 16, 2021, rally will contain expressive speech protected under the First Amendment to the U.S. Constitution. The rally is designed to allow St. Michael's, its speakers, and rally-goers to engage in discussion on matters of political and religious significance and on issues of public concern.

41. Defendants have interfered with St. Michael's right to free speech by commanding Royal Farms to cancel its contractual relationship with St. Michael's regarding the rally at the MECU Pavilion.

42. St. Michael's does not have another option for conducting a rally at a venue as close to the USCCB Fall General Assembly as the MECU Pavilion.

43. The expressive purpose of the rally will be severely diminished if it does not take place at the MECU Pavilion during the USCCB Fall General Assembly.

44. Defendants' cancellation of St. Michael's rally was not done for a content-neutral reason. No one raised any safety concerns about St. Michael's to them, nor did they have any factual basis whatsoever to believe the rally would pose a risk of violence to anyone or anything.

45. Defendants canceled St. Michael's rally specifically because they disapproved of the content of the speech that was expected to occur at the rally.

46. There was no state interest, much less a compelling one, served by canceling St. Michael's rally.

47. Defendants did not narrowly tailor their restriction on St. Michael's speech, instead outright refusing to allow it to speak at the MECU Pavilion during the USCCB Fall General Assembly.

48. Defendants did not provide any adequate alternative channels of communication for St. Michael's, as the entire purpose of the rally would be negated if it were moved, for political reasons, out of view and earshot of the USCCB Fall General Assembly.

49. Defendants had actual knowledge that their actions were unconstitutional, as evidenced by Shea lying about the purported justifications for canceling the rally. Further, Shea is an experienced attorney, not some uneducated layperson who may not understand the First Amendment.

50. Defendants' actions were obviously unconstitutional, such that no reasonable person could believe that they were Constitutional; and no lawyer would be so void of knowledge to do so.

51. Defendants had authority as government officials to order the cancellation of St. Michael's Media's contract with Royal Farms, and they actually exercised this authority.

52. Defendants' cancellation of St. Michael's rally, under color of state law, violates St. Michael's right to free speech under the First Amendment to the U.S. Constitution, and has caused St. Michael's significant damages.

//

//

//

## SECOND CLAIM FOR RELIEF
### Right of Free Exercise of Religion – U.S. Const. Amend. I; 42 U.S.C. § 1983

53. Plaintiff incorporates the paragraphs as though set forth fully herein.

54. St. Michael's November 16, 2021, rally will be religious expression led by St. Michael's and performed by rally-goers.

55. Defendants have directly interfered with St. Michael's right to conduct this rally by commanding Royal Farms to cancel its contractual relationships with St. Michael's regarding the rally at the MECU Pavilion.

56. St. Michael's does not have another option for conducting a rally at a venue as close to the USCCB Fall General Assembly as the MECU Pavilion.

57. The religious purpose of the rally will be diminished if it does not take place at the MECU Pavilion during the USCCB Fall General Assembly.

58. Defendants' cancellation of St. Michael's rally was not done for any legitimate reason and substantially burdens the practice of St. Michael's religion.  No one raised any safety concerns about St. Michael's to them, nor did they have any factual basis whatsoever to believe the rally would pose a risk of violence to anyone or anything.

59. Defendants canceled St. Michael's rally specifically because they disapproved of the exercise of religious beliefs that was expected to occur at the rally.

60. Defendants had actual knowledge that their actions were unconstitutional, as evidenced by Shea lying about the purported justifications for canceling the rally.

61. Defendants' actions were obviously unconstitutional, such that no reasonable person could believe that they passed constitutional muster.

62. Defendants had authority as government officials to order the cancellation of St. Michael's contract with Royal Farms, and they actually exercised this authority.

63. Defendants' cancellation of St. Michael's rally, under color of state law, violates St. Michael's rights under the First Amendment to the U.S. Constitution, and has caused St. Michael's significant damages.

## THIRD CLAIM FOR RELIEF
### Establishment of Religion – U.S. Const. Amend. I; 42 U.S.C. § 1983

64. Plaintiff incorporates the preceding paragraph as though set forth fully herein.

65. St. Michael's Media's November 16, 2021, rally will contain religious expression led by St. Michael's and performed by rally-goers.

66. St. Michael's Media is a vocal critic of the mainstream Catholic Church, including the USCCB. It disagrees with, and criticizes, a number of the USCCB's positions on religious doctrine and morality, as well as the Catholic Church's covering up of the sexual abuse committed by its priests.

67. Defendants have clearly and explicitly chosen to favor the USCCB and its adherence to mainstream Catholic doctrine over St. Michael's more traditional view of Catholic doctrine.

68. Defendants, by canceling St. Michael's rally, have suppressed their religious expression, while allowing USCCB's Fall General Assembly to go forward unhindered.

69. Defendants' cancellation of St. Michael's Media's rally was not done for any legitimate reason. No one raised any safety concerns about St. Michael's to them, nor did they have any factual basis whatsoever to believe the rally would pose a risk of violence to anyone or anything.

70. The only reason Defendants have allowed this to happen is that they prefer the USCCB and its adherence to modern mainstream Catholic doctrine.

71. Defendants had actual knowledge that their actions were unconstitutional, as evidenced by Shea lying about the purported justifications for canceling the rally.

72. Defendants' actions were obviously unconstitutional, such that no reasonable person could believe that they passed constitutional muster.

73. Defendants had authority as government officials to order the cancellation of St. Michael's contract with Royal Farms, and they actually exercised this authority.

74. Defendants' cancellation of St. Michael's rally, under color of state law, violates St. Michael's rights under the First Amendment to the U.S. Constitution, and has caused St. Michael's significant damages.

## FOURTH CLAIM FOR RELIEF
### Right of Assembly – U.S. Const. Amend. I; 42 U.S.C. § 1983

75. Plaintiff incorporates the preceding paragraphs as though set forth fully herein.

76. St. Michael's Media's November 16, 2021, rally will contain expressive speech protected under the First Amendment to the U.S. Constitution. The rally is designed to allow St. Michael's, its speakers, and rally-goers to engage in discussion on matters of political and religious significance and on issues of public concern.

77. St. Michael's and its rally-goers have an independent right under the First Amendment to peaceably assemble for this purpose, and their assembly further augments the effectiveness of the exercise of their free speech and free exercise rights.

78. Defendants have directly interfered with St. Michael's right to conduct this rally by commanding Royal Farms to cancel its contractual relationships with St. Michael's regarding the rally at the MECU Pavilion.

79. St. Michael's does not have another option for conducting a rally at a venue as close to the USCCB Fall General Assembly as the MECU Pavilion.

80. The expressive purpose of the rally will be severely diminished if it does not take place at the MECU Pavilion during the USCCB Fall General Assembly.

81. Defendants' cancellation of St. Michael's rally was not done for any content-neutral reason. No one raised any safety concerns about St. Michael's to them, nor did they have any factual basis whatsoever to believe the rally would pose a risk of violence to anyone or anything.

82. Defendants canceled St. Michael's rally specifically because they disapproved of the content of the speech that was expected to occur at the rally.

83. There was no state interest, much less a compelling one, served by canceling St. Michael's rally.

84. Defendants did not narrowly tailor their restriction on St. Michael's speech, instead outright refusing to allow it to speak at the MECU Pavilion during the USCCB Fall General Assembly.

85. Defendants did not provide any adequate alternative channels of communication for St. Michael's, as the entire purpose of the rally would be negated if it did not occur in close proximity to the USCCB Fall General Assembly.

86. Defendants had actual knowledge that their actions were unconstitutional, as evidenced by Shea lying about the purported justifications for canceling the rally.

87. Defendants' actions were obviously unconstitutional, such that no reasonable person could believe that they passed constitutional muster.

88. Defendants had authority as government officials to order the cancellation of St. Michael's contract with Royal Farms, and they actually exercised this authority.

89. Defendants' cancellation of St. Michael's rally, under color of state law, violates St. Michael's right to free speech under the First Amendment to the U.S. Constitution, and has caused St. Michael's significant damages.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff St. Michael's Media requests that judgment be entered in its favor and against Defendants as follows:

A. Temporary, preliminary and permanent injunctive relief barring Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction from preventing St. Michael's from conducting and making arrangements for its planned November 16, 2021, rally;

B. Declaratory relief consistent with the injunction, including specifically, declaratory relief to the effect that Defendants' decision to cancel St. Michael's contracts regarding its planned November 16, 2021, rally was unconstitutional;

C. An order mandating Defendants to instruct Royal Farms Arena to honor its contractual relationships with St. Michael's;

D. Compensatory damages in an amount according to proof at trial;

E. Punitive damages in an amount to be determined at trial;

F. Attorneys' fees and expenses pursuant to 42 U.S.C. § 1988;

G. Ordinary taxable costs of suit; and

H. Any further relief as the Court deems just and appropriate.

Dated: September 13, 2021.  Respectfully Submitted,

/s/ David S. Wachen
David S. Wachen (Bar No. 12790)
WACHEN LLC
11605 Montague Court
Potomac, MD 20854
(o) (240) 292-9121
(f) (301) 259-3846
david@wachenlaw.com

Marc J. Randazza (*pro hac vice* pending)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Tel: (702) 420-2001
Email: ecf@randazza.com

Attorneys for Plaintiff,
St. Michael's Media, Inc.

## VERIFICATION OF COMPLAINT

I, Michael Voris, am the Chief Executive Officer of Plaintiff St. Michael's Media, Inc. I have reviewed the foregoing allegations in this Verified Complaint, and on behalf of St. Michael's Media, I hereby declare under penalty of perjury that the foregoing allegations are true and correct to the best of my knowledge and understanding.

Executed on: 9/13/2021 .

DocuSigned by:

*Michael Voris*
DDD10EBB504E445...
Michael Voris

RANDAZZA | LEGAL GROUP