## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ST. MICHAEL'S MEDIA, INC.,

Plaintiff,

v.

THE CITY OF BALTIMORE, *et al.*,

Defendants.

Case No. _____

[~~PROPOSED~~] ORDER ON
PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING
ORDER A~~ND FOR PRELIMINARY~~
~~INJUNCTION~~

*ELH*

*ELH*

UPON CONSIDERATION of the Motion for Temporary Restraining Order and for

Preliminary Injunction filed by Plaintiff St. Michael's Media, Inc. requiring Defendants to instruct

Royal Farms Arena to honor its contractual obligations with St. Michael's and not to interfere with

preparations for or the conducting of St. Michael's planned November 16, 2021 rally in Baltimore,

Maryland, the supporting memorandum of points and authorities, the supporting declarations and

the telephone conference with all counsel on 9/14/21,

evidence, the record in this case, and for other good cause shown:

THE COURT HEREBY FINDS THAT, on information and belief, and based only on Plaintiff's allegations:

1.     The Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C.

§§ 1331, 1343, 2201, 2202, and 42 U.S.C. § 1983.

2.     Venue lies within this Court pursuant to 28 U.S.C. § 1391.

3.     St. Michael's is a registered 501(c)(3) nonprofit organization that publishes news

stories about societal issues and a particular focus on the misconduct and hypocrisy of the mainstream

Catholic Church. Prior to Defendants' complained-of actions, St. Michael's was preparing to conduct

a rally at the MECU Pavilion in Baltimore, Maryland on November 16, 2021, titled the "Bishops:

Enough is Enough Prayer Rally."

4.     Defendant The City of Baltimore is a municipal corporation duly incorporated and

authorized under the laws of the State of Maryland pursuant to its charter. The City of Baltimore is

authorized under the laws of the State of Maryland to maintain its Department of Transportation,

- 1 -

which acts as the City of Baltimore's agent for licensing, permitting, and approval of demonstrations such as rallies.

5.      Defendant James L. Shea is the City Solicitor for the City of Baltimore, Maryland. Shea is a public official for the City of Baltimore, and has the authority to approve or deny permits for groups of individuals to conduct rallies within Baltimore.

6.      Defendant Brandon M. Scott is the Mayor of the City of Baltimore, Maryland. Mayor Scott appointed Defendant Shea to the position of City Solicitor and has authority over Shea in carrying out Shea's duties as City Solicitor.

7.      On June 16, 2021, St. Michael's began making preparations to hold its "Bishops: Enough is Enough Prayer Rally." The MECU Pavilion, its chosen venue, is directly adjacent to the Baltimore Waterfront Marriott Hotel, where the United States Conference of Catholic Bishops (the "USCCB") is scheduled to conduct its Fall General Assembly from November 15-18, 2021. Numerous bishops and other high-ranking members of the Catholic Church will be in attendance at this event.

8.      Starting on this date, St. Michael's entered into ~~valid~~ contractual relationships with Royal Farms Arena ("Royal Farms"), the contract agency hired by the City of Baltimore to manage events at the MECU Pavilion.        $\mathcal{ELH}$

9.      St. Michael's chose this time and location for its rally specifically because it would take place at the same time and immediately adjacent to the USCCB Fall General Assembly. The purpose of the rally is to engage in protected speech critical of the Catholic Church in a situation where it is impossible for the Church's leadership to ignore this speech. St. Michael's rally is also planned to include praying the Rosary, and thus will be an explicitly religious demonstration.

10.     St. Michael's held this same kind of rally, at the exact same location and also coinciding with the USCCB's Fall General Assembly, in November 2018. The City of Baltimore permitted St. Michael's to hold this rally, and no individuals or property was harmed during this rally.

11.     Prior to August 5, 2021, Royal Farms did not indicate there would be any problems with St. Michael's conducting the planned rally. Relying on Royal Farms's acceptance of the rally, St. Michael's paid a $3,000 deposit to Royal Farms, which it accepted and deposited. St. Michael's then

spent several weeks communicating with Royal Farms regarding the logistics of conducting the rally. St. Michael's also began publicly promoting the rally, resulting in thousands of reservations and booking over a dozen speakers to discuss topics of interest to rally-goers.

12.     On August 5, 2021, however, St. Michael's ~~abruptly~~ received an email from Royal Farms notifying it that the rally had been canceled. It provided no explanation for this development and told St. Michael's to contact Defendant Shea for additional information.

13.     On August 6, 2021, St. Michael's CEO, Michael Voris, spoke with Shea regarding the cancellation of the November 16 rally. Shea told Voris that St. Michael's rally had been canceled due to reports found online about St. Michael's being present at the January 6, 2021 riot at the Capitol building in Washington, D.C. He also claimed there was a risk of violence against either individuals or property posed by the rally.

14.     Voris denied these allegations and asked for any proof to substantiate them, which Shea refused to provide.

15.     Defendants had no factual basis to believe St. Michael's was in any way associated with the January 6 riot or presented any risk of violence. Defendants canceled St. Michael's rally because they disagreed with the content of St. Michael's speech, which was critical of the USCCB, and because the USCCB asked Defendants to prevent St. Michael's from conducting its rally.

16.     Defendants' cancellation of St. Michael's rally is an impermissible viewpoint-based restriction on speech, assembly, and free exercise of religion.

17.     Defendants' restriction is not narrowly tailored to further any governmental interest.

18.     St. Michael's is likely to prevail on the merits of its claims.

19.     The "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Thus, if St. Michael's can demonstrate a likelihood of success, ~~which it has done~~, injunctive relief must issue.

20.     The protection of St. Michael's First Amendment rights is in the public interest. *Kelly v. City of Parkersburg*, 978 F. Supp. 2d 624, (S.D. W.V. 2013); *see also Carey v. FEC*, 791 F. Supp. 2d 121, 135-36 (D. D.C. 2011); *Mullin v. Sussex Cnty., Del.*, 861 F. Supp. 2d 411, 428 (D. Del. 2012).

- 3 -

21. *At this juncture,* The balance of equities tips in Plaintiff's favor.  *ELH*

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion for Temporary Restraining Order is hereby GRANTED, *in part*.  *ELH*

IT IS FURTHER ORDERED that Defendants shall instruct Royal Farms Arena to honor its contractual relationships with St. Michael's; and  *ELH*

IT IS FURTHER ORDERED that Defendants, their officers, agents, servants, employees, ~~and all persons in active concert or participation with them who receive actual notice of this injunction~~, shall not prevent St. Michael's from conducting and making arrangements for its planned November 16, 2021 rally; and  *ELH*

IT IS FURTHER ORDERED that Plaintiff shall post a nominal bond of $250 because the evidence indicates that Defendants will suffer minimal, if any, damage by the issuance of this temporary restraining order.

*Ellen L. Hollander*
*U.S.D.J.*
*Sept. 14, 2021*
*4:06 p.m.*