**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | |
|---|---|
| ST. MICHAEL'S MEDIA, INC. | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) **Civil No. 1:21-CV-02337 (ELH)** |
| | ) |
| THE CITY OF BALTIMORE, *et al*., | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S EMERGENCY MOTION

Defendants Mayor and City Council of Baltimore, Mayor Brandon M. Scott, Solicitor James L. Shea, (collectively "City Defendants"), and SMG, Inc. ("SMG"), by undersigned counsel, submit this Response to Plaintiff's Emergency Motion and states as follows:

### I. Introduction

Defendants recognize that this Court, as well as opposing counsel, are fully aware of the background and facts in this case as they have been substantially developed through a two-day hearing and numerous written pleadings, and as such, will not belabor them.  Plaintiff's current inflammatory missive was penned in response to a purported violation of this Court's Order dated October 12, 2021, which granted in part and denied in part Plaintiff's request for a preliminary injunction. ECF No. 46.  The Court's order explicitly states that Defendants and all of their "officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this injunction **shall not prohibit or impede SMG from entering into a contract** with St. Michael's" for their planned rally.  *Id*.  Plaintiff's assertion that City Defendants and/or undersigned counsel, who are officers of this Court, blatantly violated the

Court's order within hours of its dissemination, is offensive, particularly as counsel for Plaintiff made no attempt whatsoever to clarify the alleged violation with the City or its attorneys before coming to this Court with its serious allegations of misconduct.

The City Defendants are not arguing that the Court's order is unclear – in fact, they acknowledge that this Court's order is explicit.  What the City Defendants argue is that neither they nor their counsel engaged in prohibited conduct and, as the evidence will show, the current allegations are the result of a misunderstanding by an employee of SMG.  Had Plaintiff's counsel contacted undersigned counsel to engage in good faith discussions clarifying what occurred, it would have discovered that the communication in controversy was the result of a misapprehension on the part of the employee, thus obviating the need for briefing and yet another Court hearing.

Further, the allegations in Plaintiff's filing rest largely on the inaccurate and specious assertion that the City Defendants are "in complete control" of SMG.  Based on all evidence before the Court, however, this claim is not only false but absurd.  Plaintiff focuses on the fact that counsel for the City Defendants is also counsel for SMG to claim that an ethics violation has occurred, which is patently false.  They also advance the theory that SMG is an "alter ego" of the City Defendants and that therefore the preliminary injunction should be amended to compel specific performance of a non-existent contract, which is a legal impossibility.  However, as this Honorable Court stated in its order and the attendant memorandum opinion, no contract exists between SMG and St. Michael's. Specific performance cannot lie where there is no contract.

## II.    Argument

### A.  Civil Contempt

Findings of contempt are appropriate where there is clear and convincing evidence that "(1) the existence of a valid decree of which the alleged contemnor had actual or constructive

knowledge; (2) ... that the decree was in the movant's "favor"; (3) ... that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) ... that [the] movant suffered harm as a result." *Ashcroft v. Conoco*, 218 F.3d 288, 301 (4th 2000).  As the moving party, Plaintiff "has the burden of showing by **clear and convincing proof**" that the City Defendants failed to comply with the Court's Order.  *United States v. Darwin Const. Co., Inc.*, 678 F. Supp 531, 534 (D. Md. 1988), *judgment aff'd United States v. Darwin Const. Co., Inc.*, 873 F.2d 750 (4th 1989).  Here, Plaintiff claims it has met all the requirements for a finding of contempt.  That is simply not the case.

> **a.  Defendants do not dispute that they had notice of the order, nor do they dispute that the order was partially in Plaintiff's favor.**

On this point, Defendants concede that they had actual notice of this Court's Order as it was delivered via the ECF system.  Further, they also do not dispute that the Order itself that was issued was partially in Plaintiff's favor.

> **b.  Defendants dispute that their conduct violated the order and that they had knowledge, either constructive or actual, of such violation.**

As stated, to establish civil contempt, "the moving party must establish **each of the…elements by clear and convincing evidence**." *Schwartz v. Rent-A-Wreck of Am.*, 261 F. Supp. 3d 607, 612 (D. Md. 2017).  Further, when determining whether a party had "actual or constructive notice of its violation" of an order, "the Court looks not only at the facts surrounding the immediately involved violations but considers as well the history and context of the litigation between the parties."  *Id*. at 614.  *See also Océ North America, Inc. v. MCS Services, Inc.*, 2011 WL 6130542 (D. Md. 2011) (finding that movant had not provided clear and convincing evidence that company actually or constructively knew that its conduct, through its employees, would cause

violation of court order and further finding that a showing of negligence is not enough); *compare Schwartz*, 261 F. Supp. 3d 607 (finding that deliberate and intentional actions violating Order of Court amounted to contempt where conduct was not merely accidental or negligent on part of party violating order). Plaintiff cannot provide clear and convincing proof that the City Defendants knowingly violated this Court's Order, particularly in light of the totality of the evidence.

None of the City Defendants themselves had communications with SMG following this Court's Order. And, as officers of this Court, undersigned counsel state unequivocally that they did not communicate to SMG that they should discontinue contract negotiations with St. Michael's following this Court's Order dated October 12, 2021. The limited communications that undersigned counsel had with SMG since the issuance of this Court's order are as follows: an e-mail sent October 12, 2021 at 11:13 pm by undersigned counsel to Bruce Hanson, in-house counsel for SMG, and Frank Remesch, attaching the Court's opinion and Order in this matter; a series of e-mails from the morning of October 13, 2021, sent from 7:43 am to 10:25 am between undersigned counsel and Frank Remesch regarding the City Defendants's planned actions in response to the order, namely requesting a stay of the order to maintain the status quo and appealing this Court's order; an email from Frank Remesch to undersigned counsel indicating that SMG was still negotiating a contract with St. Michael's as of 2:01 pm on October 13, 2021 to which the undersigned never responded, an e-mail to Bruce Hanson and Frank Remesch from undersigned counsel following up on a phone call undersigned counsel had with Bruce Hanson, attaching Plaintiff's Emergency Motion and indicating that "[t]he City has not given SMG the direction that Ms. Waters states," and an e-mail sent on October 13, 2021 at 7:20pm to Bruce Hanson to schedule the availability of Frank Remesch and Teresa Waters for the hearing ordered in this matter. These e-mail exchanges are being filed under seal as they constitute attorney-client communications and

are attached collectively hereto as **Exhibit 1**.  As indicated, the only verbal contact undersigned counsel had with SMG since the issuance of the Court's order was a phone call to Bruce Hanson to discuss the instant filing and SMG's plans to communicate with St. Michael's about any contract negotiations going forward, namely that communications would be conducted by Mr. Hanson.  The entirety of the written communications following the order are before the Court in **Exhibit 1**.  From these documents, this Court can see that not only did the City Defendants and their counsel not have any contact with Ms. Waters, upon whose e-mail Plaintiff's instant claim is based, prior to the filing of Plaintiff's emergency motion, but the communications that occurred between undersigned counsel and SMG importantly did not include any instructions to violate this Court's Order.  In fact, the first-time undersigned counsel and the City Defendants became aware of the communication between Ms. Waters and Plaintiff was when Plaintiff's Emergency Motion was filed.  This was only moments after SMG informed undersigned counsel that it was still in active contract negotiations with St. Michaels, negotiations that the City Defendants did not acknowledge much less interfere with.  Taking into account numerous conversations and the hearings with this Court, it is disappointing to the City Defendants that Plaintiff did not consider the "history and context of litigation between the parties" and seek to clarify this issue before seeking Court intervention.

    **c.  Plaintiff has suffered no harm.**

Plaintiff states that "due to ongoing violations of this Court's Order by the Baltimore Defendants, the injunctive relief granted by this Court is wholly and completely hindered."  As stated, the City Defendants have not violated this Court's Order and, in fact, in the three e-mails that were sent to SMG representatives were neutral and merely informative as to the City's future plans.  The e-mails contained no instructions, orders, or suggestions to SMG as to how to interact

with Plaintiff.  Further, and without belaboring the point, this Court's order was issued after 9:00

pm on October 12, 2021.  Plaintiff's e-mail from Ms. Waters is dated October 13, 2021 at

approximately 10:49 am.  It is unclear how a few hours' delay in resuming negotiations based on

Ms. Waters' misunderstanding has caused it actual harm, or how a single e-mail from her reflecting

her misapprehension constitutes an "ongoing violation" as claimed.  In fact, Plaintiff's claim is

directly contradicted by the fact that at 2:01 pm, it was still actively negotiating contract terms

with SMG without the knowledge or interference of the City Defendants or their counsel.  More

than anything, their decision to file a motion with the court in the middle of those negotiations,

lays bare the real reason for the "emergency" motion.  It is, in actuality, a thinly-veiled pretext for

obtaining additional relief that this Court declined to provide in its order.  If that is not the case,

why then would Plaintiff be negotiating contract terms with SMG, allegedly in good faith, while

in the same hour, running to this Court seeking specific performance of a contract that does not

exist?

        To put it plainly, Plaintiff has provided no evidence whatsoever of an ongoing violation.

The single e-mail sent to them by an individual with whom the City Defendants or their counsel

have not had any contact with since the issuance of this Court's order on October 12, 2021, and

with whom Plaintiff was actively negotiating with hours after that single e-mail and just prior to

the filing of their "emergency motion," does not constitute proof of such an ongoing

violation.  This certainly does not warrant the grant of extra relief that Plaintiff seeks.

        **B.  Plaintiff's argument regarding disqualification has no basis in fact.**

        How Plaintiff can assert that Defendants' counsel has engaged in unethical conduct at this

junction is unfortunate and offensive.  As discussed *supra*, the City Defendants did not advise

SMG to take or not take any action with respect to St. Michael's, and simply informed it of their

future plans with respect to this case. Plaintiff's spurious claims regarding an ethical violation have no basis in fact, as the City Defendants and their counsel were not even aware that Ms. Waters had asserted the City had ordered her to do something *until the filing of Plaintiff's motion*. Plaintiff has not provided concrete evidence that there is a conflict of interest between the City Defendants' counsel, especially in light of the involvement of Bruce Hanson, and SMG and therefore their request for disqualification should be denied.

### C.   SMG is not bound by the injunction.

How Plaintiff arrived at the conclusion that SMG is an "alter ego" of Defendants is a mystery; it seems more a matter of wishful thinking that would bind SMG to legal requirements that do not apply to a private business. Plaintiff's entire argument is premised on the now-debunked "fact" that the City instructed SMG to not take any action with regards to a contract. Further, and more importantly, Plaintiff's argument is simply an attempt to compel this Court to order specific performance of a non-existent contract. As previously stated, specific performance requires a contract. This Honorable Court found that no contract existed – hence why the order explicitly states that the City Defendants are not to interfere in the contract process with respect to SMG. The evidence shows the City Defendants have not done so. The claim against SMG for injunctive relief was denied because with no contract, there is simply no cognizable claim against it. This Court's order should not be amended because Plaintiff is seizing on Ms. Water's misunderstanding to obtain a proverbial second "bite at the apple" to obtain specific performance against SMG. Even if the City had instructed SMG as Plaintiff claims, which the evidence shows it patently did not, it still does not create a right of specific performance against SMG where no contract has ever existed.

### III.   Conclusion

Plaintiff cannot succeed in their petition for civil contempt, as the City has turned over all communications with SMG since the order was issued and it is absolutely clear that no instructions were given to SMG that violate this Court's order. Further, Plaintiff has failed to establish how it has been harmed by Ms. Waters' confusion.   Therefore, Plaintiff's request for civil contempt should be denied.

Plaintiff has also failed to provide any evidence as to how undersigned counsel has acted inappropriately with regards to their representation of SMG and therefore Plaintiff's request for disqualification of undersigned counsel as counsel for SMG should also be denied.  Finally, Plaintiff's request to bind SMG to the preliminary injunction reeks of an attempt to circumvent this Court's order. Therefore, Plaintiff's request to have SMG be bound by the preliminary injunction order and to require specific performance should also be denied.


Dated:   October 14, 2021                                Respectfully Submitted,

                                                         /s/ *Hanna Marie C. Sheehan*
                                                         RENITA L. COLLINS (#28637)
                                                         Chief Solicitor
                                                         HANNA MARIE C. SHEEHAN (#19531)
                                                         Chief Solicitor
                                                         Baltimore City Law Department
                                                         100 N. Holliday Street
                                                         City Hall Baltimore, MD 21202
                                                         Phone: 410-396-3930
                                                         Fax: 410-547-1025
                                                         Renita.Collins@baltimorecity.gov
                                                         Hanna.Sheehan@baltimorecity.gov
                                                         *Counsel for Defendants Mayor and City*
                                                         *Council of Baltimore, James L. Shea,*
                                                         *Brandon M. Scott, and SMG, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of October 2021, I caused *Defendants' Response to Plaintiff's Emergency Motion* to be served via the Court's ECF electronic filing system on Counsel of Record.

/s/ Hanna Marie C. Sheehan
HANNA MARIE C. SHEEHAN (#19531)