**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ST. MICHAEL'S MEDIA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE MAYOR AND CITY COUNCIL OF BALTIMORE, *et al.*,<br><br>Defendants. | Case No. 1:21-cv-02337-ELH<br><br><br>**MOTION TO<br>ENFORCE INJUNCTION** |

## 1.0    Introduction

The Defendants continue to interfere with and frustrate this Court's Preliminary Injunction. 51 days after the injunction was sought and 22 days after the Preliminary Injunction issued, St. Michael's continues to suffer irreparable harm from the Defendants' refusal to respect this Court's Injunction.   While the Injunction has prevented overt interference by Defendants, Defendants acting in concert have continued to interfere in the prayer rally's preparations, resulting in approximately 25% of the attendees backing out with that number continuing to grow. Defendants have managed to hold out, yet another day, so that the event will now be a mere 12 days away from any Order this Court may issue.  Already, attendees cannot buy 14-day advance plane tickets.  How long will Defendants continue to run out the clock?

## 2.0    Timeline

On November 2, 2021, thanks to the Court's help, the parties finally were able to come to an agreement.  This is, of course, an abbreviated timeline – as there are many other emails between the parties, wherein it seems clear that SMG/Baltimore are, indeed, working hard to delay matters. A timeline of the past two days of discussions follows:

**November 2, 2021**

| | |
|---|---|
| 1:52 p.m. | St. Michael's bound additional liability insurance to satisfy SMG's belated demand. |
| 2:00 p.m. | The parties had a call with Court.  Immediately following the call, while still on the conference line, the parties negotiated their final language. |

| 2:56 p.m. | St. Michael's sends a redlined contract with final changes as agreed on the phone. |
| 4:01 p.m. | SMG's General Counsel Bruce Hanson writes: "The agreement looks good." |
| 4:16 p.m. | The parties circulate a final version of the contract for signature. |
| 4:42 p.m. | **St. Michael's emails the contract signed by Michael Voris;  awaiting signature by SMG.[1]** |

### November 3, 2021

| 10:01 a.m. | St. Michael's emails a Certificate of Insurance for excess coverage agreed to by the parties with another copy of the contract signed by St. Michael's and asks again that SMG sign the contract promptly so that St. Michael's can move forward.[2] |
| | *– silence from SMG and The City –* |
| 12:23 p.m. | Michael Voris sends an email asking what is holding up the agreement. |
| 2:44 p.m. | Counsel for St. Michael's sends an email informing Defendants that we might need another call with the Court unless they wish to call us or sign the agreement. |
| 2:47 p.m. | Hanson, in his first communication since the signed agreement was sent, claims that the contract is "with [Frank] Remesch for signature.  Have your business team contact them re execution details."[3] |
| | *– multiple emails back and forth –* |
| | Voris tries to call Remesch, who does not answer.  He tries calling Teresa Waters who uncharacteristically has her phone diverted to voicemail all day long. |
| 3:13 p.m. | Voris sends an email to Remesch and Waters stating: "*all eyes on you; is there something we can do to help you sign?*" |
| 3:38 p.m. | Attorney David Wachen reaches out to SMG: "*Bruce, can you email Frank's cell # so we can try to finish this up?*" |
| 3:42 p.m. | Attorney Marc Randazza sends an email to all parties: "*does anyone have direct number to Remesch? Bruce, can you prevail on Remesch to respond*?" |
| 3:44 p.m. | Attorney Wachen sends an email to Defendants' counsel: "*Renita/Hanna: do you have Frank's # for Michael?*" |
| 3:54 p.m. | Fourth Circuit Order affirms this Court's Preliminary Injunction. |
| 3:59 p.m. | Remesch (first communication): "*Mike I was out of the office, I will sign it first thing tomorrow morning.*" |
| 4:01 p.m. | Attorney Randazza writes to all parties: "*I suppose to whatever extent SMG was hoping to delay this until the 4th Circuit ruled, it has.*" |

---

[1]  One would expect that immediately thereafter, we would have a signature.

[2]  At this point, there anywhere no remaining excuses to justify SMG's failure to sign.

[3]  What "execution details" means has never been shared with St. Michael's.

| | |
|---|---|
| 4:02 p.m. | Remesch: "*Look, I will sign it tomorrow morning.  No one is playing games.*"[4] |
| 4:02 p.m. | Voris: " *I'm sorry Frank, but that's not acceptable.*" |
| 4:04 p.m. | Attorney Randazza suggests the use of a DocuSign for the contract; Randazza Legal Group sends the contract to Frank Remesch via DocuSign. |
| 4:10 p.m. | Voris emails Remesch: "*Frank, No disrespect to you, but like the City attorneys have said ad nauseum and Bruce stressed multiple times – until it's in writing – it ain't real.*" |
| 4:14 p.m. | Voris emails Hanson: "*Sorry Bruce, but this is why we don't trust the 'good faith' claims.  Every single person involved in this KNEW this was happening today and yet you have managed to steal another day from us.*" |
| 4:34 p.m. | Attorney Collins: "*No one is playing games.  As SMG has stated, the contract will be signed tomorrow morning at the latest.*"[5] |
| | – Attorney Randazza sends emails seeking consent to a 6:30 PM conference call with the court or a 7 a.m. conference call with the court – |
| 4:58 p.m. | Attorney Collins informs St. Michael's that SMG is not available for a 6:30 PM call, therefore, St. Michael's accepts the 7 AM time slot for November 4. |
| 5:01 p.m. | Voris: "*I'm flabbergasted that you say 'no one is playing games.'  That's all you've done from day one.*" |

## 3.0    Argument

Given the repeated delays and fast-approaching date for the prayer rally, there was no reason to refuse to sign the contract immediately.  The final version sent to SMG could have been signed upon transmission.  It was not.  The Court will recall that it found (or at least suggested) that Mr. Remesch was not the final authority on whether the contract was signed, but rather Mr. Hanson was.  Now, SMG takes the position that only Mr. Remesch, out of all the employees, managers, and lawyers who work for SMG, has the ability and authority to put pen to paper – and he was conveniently not available all day long, with no access to email or cell phone.  Let us presume that this was for a great reason and not require him to answer for himself.  There was *nobody else in the entire SMG structure who could sign it?*  Did the entire SMG structure come to a screeching halt because Mr. Remesch was unavailable? And recall, the only reason the parties

---

4    When someone volunteers that "no one is playing games," it makes one wonder why they feel compelled to volunteer that defense.

5    This foreclosed any potential for a November 3 signing, and a November 3 announcement to St. Michael's members that the event is on.

were in this latest predicament was that Defendants insisted that a mutually signed agreement was necessary for it to be effective.

And meanwhile, St. Michael's remains paralyzed with respect to confirming the event, moving forward with vendors, and informing its membership that the event is, indeed, happening. Normally, St. Michael's would move forward, with the comfort of its prior belief that a contract could still be a contract without the ceremony of both signatures. However, this Court disagreed, and thus St. Michael's cannot think to move forward while in a case where the law of the case is that there is no agreement between St. Michael's and SMG without ink. So, paralyzed we remain.

St. Michael's does not seek the Court's assistance out of mere impatience. The Court's assistance is required, because there is very real, measurable, and irreparable harm from the Defendants continuing to delay. This is quantifiable.

Before the case started, St. Michael's had 2,040 people who expressed interest in attending.

On November 1, 2021, St. Michael's sent out a survey to all 2,040 to determine if they were still interested, given the uncertainty of the event, and the requirement to plan travel and lodging with little time between the event and certainty.

**280 responded**

***89 of them cancelled***

**162 confirmed**

**29 remained undecided**

However, on November 3, 2021, those numbers changed as follows:

**677 responded**

***191 of them cancelled***

**379 confirmed**

**107 remained undecided**

Going by raw numbers, in just two days, 102 additional attendees cancelled. By the time the Court hears this matter, still more may cancel. If we extrapolate those numbers, the number is even greater. Every day, indeed every hour, St. Michael's loses attendees because the City and

SMG understand that the clock is in their favor.  Every day, St. Michael's begins the day trying to resolve this, and every day, Defendants drag their feet knowing full well that the uncertainty helps them stifle this event—using the clock as a tool after their illegal cancellation failed to survive judicial scrutiny.  And now, rally attendees who are travelling to Baltimore from all over the country will need to buy plane tickets and arrange hotel rooms for an event that is fewer than two weeks away.  This delay has consequences.  Those consequences can be measured.  Those consequences were measured.  The measurement is above.  Why is SMG, which is truly an agent of the City, refusing to sign and thus removing the impediment to the event?

The Defendants have, to be sure, promised they would sign on November 4, 2021.  Indeed, Defendants have even said they would do so "in the morning."  Given the history, there is no polite way to say this, so it will be said bluntly: *Defendants cannot be trusted*.  Each time this Court has sent the parties to resolve things on their own, Defendants have worked to run out the clock.  Each time SMG has promised it would sign the contract, it has backed out.[7]

It is certainly possible that SMG would sign the contract at 9:00 AM, if only it would be given the time to do so.  However, this Honorable Court is only available today at 7:00 AM.  It is St. Michael's experience that with an impeding call with the Court, SMG and the City suddenly become more reasonable.  St. Michael's sincerely hopes that the call at 7:00 AM will be very short – and will consist of nothing more than the parties thanking the Court for all its hard work.  Indeed, Frank Remesch, if he is indeed the *only person in the entire SMG apparatus* who can sign this contract, could print it, sign it, and take a picture of it right now.  Remesch has the document in DocuSign format, and he could sign it on his phone or any computer.  Remesch could even email everyone and say, "SMG agrees."

---

[7]    St. Michael's did request a noon conference, so that the "morning" could expire before consuming the Court's time.  But, the Court is only available at 7:00 AM.  Further, it pleases St. Michael's to resolve this sooner than later.  In fact, St. Michael's still holds out hope as of the time of this filing that Mr. Remesch or Mr. Hanson, or someone at SMG will cease their foot-dragging and simply click "sign" on the DocuSign that was sent today, and moot the need for this conference.  Presumably if nobody will, someone will have a good explanation as to why that act, easier than sending a text message, could not have been done before the hearing.

But Remesch has apparently been given orders to drag his feet, so he will continue to drag his feet unless this Honorable Court intervenes.  Again, this is not mere impatience.  St. Michael's has lost 191 attendees in real confirmed numbers.  If we extrapolate that as a representative sampling of the attendees, it appears that St. Michael's has already lost nearly 25% of its attendees to nothing more than the attrition that the City has skillfully wielded while taking advantage of this Court's patience, which rivals that of Saint Monica[8] when it comes to these delays, which have acted as a "shadow stay" of the Injunction – something the Defendants sought, and did not get, so they decided to just take it on their own.

The injunction, upheld on appeal, has unfortunately not had the practical effect so far that the Court intended.  What should have been a simple ministerial act will not happen unless this Court makes it clear that it must.  Every time Defendants have been expected to comport themselves with good faith, they have refused.  St. Michael's respectfully requests that this Honorable Court issue an unequivocal order that Defendants cannot evade or interpret to favor further delay, that simply states that the Contract will be signed by 9:00 AM.  The Court has the power to do this, as this is an order to effect the existing, affirmed, preliminary injunction, or it may use its contempt powers to compel this compliance.  St. Michael's respectfully requests that it do so.

Dated: November 3, 2021.

Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Tel: (702) 420-2001
Email: ecf@randazza.com

David S. Wachen (Bar No. 12790)
WACHEN LLC
11605 Montague Court
Potomac, MD 20854
(o) (240) 292-9121
(f) (301) 259-3846
david@wachenlaw.com

Attorneys for Plaintiff,
St. Michael's Media, Inc.

---

8    Saint Monica is the patron saint of patience.

Case No. 1:21-cv-02337-ELH

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 3rd day of November, 2021, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

/s/ Marc J. Randazza
Marc J. Randazza

RANDAZZA | LEGAL GROUP