IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ST. MICHAEL'S MEDIA, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE MAYOR AND CITY COUNCIL OF BALTIMORE, *et al.*, <br><br> Defendants. | Case No. 1:21-cv-02337-ELH <br><br><br> **MOTION TO STAY CASE AND REFER TO MEDIATION** |

Plaintiff St. Michael's Media, Inc. ("Plaintiff" or "St. Michael's") respectfully requests that the Court stay these proceedings and order the parties to participate in a mediation before a magistrate judge of this Court. Most disputed issues in this case have been resolved and there is limited purpose in going through the process of discovery and motion practice.

The Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. This goal would be best served if the Court were to refer this matter to the Court's alternative dispute resolution process under L.R. 607 and stay the case until a good-faith mediation has been conducted.

This Court has already found that St. Michael's has shown a probability of prevailing on its free speech and free assembly claims against the City, which is the crux of this litigation. (Dkt. No. 111 at 84.) The Fourth Circuit affirmed this conclusion. Though the Court has not made a determination on whether SMG is a state actor that is equally liable for these constitutional violations, it has found that bringing such claims would not be futile and allowed St. Michael's to file its Second Amended Complaint asserting these claims against SMG, as well as claims for breach of contract, promissory estoppel, and tortious interference.

Defendants' response to the Second Amended Complaint ("SAC") is currently due February 18, 2022. Defendants are expected file motions to dismiss the SAC (as they responded

to Plaintiff's success at the Preliminary Injunction stage by seeking summary judgment), but in light of the procedural history of this case, such motions could not possibly hope to resolve the majority of issues. Though there are some factual questions that could be further developed in discovery, it is unlikely that any information obtained in discovery will change the conclusion that the City violated Plaintiff's First Amendment rights.

These circumstances should make early settlement discussions especially fruitful. If St. Michael's prevails, as it most likely will in most respects, it will be entitled to an award of attorneys' fees under 42 U.S.C. § 1988. These fees are substantial already and will only increase as the litigation goes on. Thus, going through likely unnecessary discovery and pre-trial motion practice will only serve to delay Plaintiff's vindication of its constitutional rights and increase the amount of the fee award Defendants will ultimately have to pay.

St. Michael's believes that a Magistrate Judge serving as a mediator will facilitate settlement discussions and help bring the parties to a just resolution.

L.R. 607 provides for a range of ADR procedures conducted by the Court. Though this rule does not *require* the parties to engage in ADR, the Court may exercise its discretion to require the parties to engage in them.[1] *See, e.g., Cantrel v. United States*, No. 1:12-cv-02607-JKB, 2013 U.S. Dist. LEXIS 29725, *9 (D. Md. Mar. 4, 2013) (granting plaintiff's motion for early mediation over defendant's objection). Doing so will most likely conserve the resources of the parties and the Court by giving the parties an environment in which they may settle many, if not all, of the issues in this case. Doing so would also further the purpose of the Federal Rules of Civil Procedure, which "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. While the case is in mediation, all proceedings should also be stayed. Motions to dismiss, a

---

[1] On February 1, 2022, Plaintiff's counsel sent Defendants' counsel a letter expressing Plaintiff's intent to file this motion. On February 7, 2022, Defendants' counsel sent a letter in response declining to stipulate to the requested relief.

scheduling order, and discovery will be unnecessary if the parties reach a settlement through the mediation process.

Prior to filing this Motion, Plaintiff sought Defendants' consent to the requested relief. Defendants would not consent.

For these reasons, Plaintiff respectfully requests that the Court order the parties to participate in good faith in a mediation before a magistrate judge of this court within 45 days, and stay these proceedings until the conclusion of the mediation, and provide such other and further relief that the Court deems just and proper.

Dated: February 15, 2022.               Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Tel: (702) 420-2001
Email: ecf@randazza.com

David S. Wachen (Bar No. 12790)
WACHEN LLC
11605 Montague Court
Potomac, MD 20854
(o) (240) 292-9121
(f) (301) 259-3846
david@wachenlaw.com

Attorneys for Plaintiff,
St. Michael's Media, Inc.

Case No. 1:21-cv-02337-ELH

## CERTIFICATE OF SERVICE

I hereby certify that, on this 15th day of February 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Marc J. Randazza
Marc J. Randazza

RANDAZZA | LEGAL GROUP