UNITED STATES DISTRICT COUNT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| ST. MICHAEL'S MEDIA, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Civil Action No.: 21-cv-02337 ELH |
| MAYOR AND CITY COUNCIL , ) | |
| OF BALTIMORE, ET AL. ) | |
| ) | |
| Defendants. ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

Defendants, Mayor and City Council of Baltimore, Mayor Brandon M. Scott, and City Solicitor James L. Shea, (the "City Defendants") and SMG (collectively and individually the "Defendants") by undersigned counsel, submit this reply to Plaintiff's Opposition to Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment related to the second amended complaint filed by Plaintiff St. Michael's Media, Inc. a/k/a Church Militant ("Plaintiff" or "Church Militant") [ECF No. 114]. The City hereby incorporates by reference all arguments contained in its Motion to Dismiss or in the Alternative Motion for Summary Judgment (hereinafter "Defendants' Motion") [ECF No. 117]. Based on the reasons articulated in the Defendants' Motion, as well as those articulated herein, the City respectfully requests that the second amended complaint be dismissed.

Date:  December 22, 2022                    Respectfully submitted,

                                                           */s/ Renita L. Collins*
_____
RENITA L. COLLINS (#28637)
Chief Solicitor
HANNA MARIE C. SHEEHAN (#19531)
Chief Solicitor
Baltimore City Law Department
100 N. Holliday Street
City Hall Baltimore, MD 21202
Phone: 410-396-3930
Fax: 410-547-1025
Renita.Collins@baltimorecity.gov
Hanna.Sheehan@baltimorecity.gov
*Counsel for Defendant Mayor and City Council of Baltimore, City Solicitor James L. Shea, Mayor Brandon M. Scott, and SMG*

I.  Argument

    A.  **Defendants City Solicitor James L. Shea and Mayor Brandon Scott are Immune as a Matter of Law**

Plaintiff opens their opposition with that statement that "Defendants argue that individual official Defendants are immune from liability without explaining why or citing any relevant legal standards." ECF No. 133 at 9 of 39.  This statement is not only false, but also a blatant misrepresentation of the numerous arguments with supporting case law advanced by the Defendants on this issue in their Motion. ECF No. 117-1 at 9-12.  The Defendants incorporate the arguments contained in those sections by reference herein.

Without rehashing the extensive legal arguments made on the issue of immunity, as well as those made on the other issues in the above referenced section of ECF No. 117, it appears that Plaintiff is seeking to imply that the Mayor or the City Solicitor can overturn *any* individual decision that is made in the City by anyone at any time.  The implications of this are frankly quite staggering.  If the City Solicitor or the Mayor could be held accountable for *any* decision made by *any* agency or individual in the City, then the laws surrounding public official immunity may as well not exist in any capacity.  To imply that the Mayor or the City Solicitor have the power to "make a phone call" and change the entire trajectory of a decision is absurd and Plaintiff's inability to cite to any case proving this point is telling.  Plaintiff's arguments fail as a matter of law and Defendants Shea and Scott should be dismissed as they are immune.

    B.  **MECU Pavilion is a Nonpublic Forum**

Plaintiff attempts to argue in its Opposition that discovery is necessary on the issue of whether the MECU Pavilion is a public or nonpublic forum.  As asserted previously, the City is

1

entitled to make reasonable decisions related to its private commercial venues and, as such, in nonpublic forums like the MECU Pavilion, reasonable viewpoint neutral restrictions may be imposed. ECF No. 117 pages 13–21. Without reiterating the arguments made in its Motion to Dismiss or in the Alternative Motion for Summary Judgment, the City Defendants will incorporate by reference the arguments made therein on the issue of the MECU Pavilion's status as a nonpublic forum and will, once again, state that this Court has already ruled that the MECU Pavilion is a nonpublic forum.[1]  *See* ECF 45, p. 53.

### C. Defendants Did Not Violate Any of Plaintiff's Constitutional Rights

Plaintiff's Opposition to Defendants' Motion engages in a convoluted analysis of how Defendants' "exercised unfettered discretion" with respect to its nonpublic forum and with regard to permitting requirements, how Defendants' engaged in viewpoint-based discrimination of Plaintiff's speech, and that Defendants' cannot satisfy strict scrutiny. *See* ECF No. 133. In short, the City Defendants did not exercise unfettered discretion with regard to their decisions related to the MECU Pavilion, the permitting arguments have no bearing on this matter as Plaintiff's President, Michael Voris, admitted under oath at the preliminary injunction hearing that Plaintiff failed to apply for a permit for the November 2021 rally, and the City Defendants did not engage in viewpoint-based discrimination in the nonpublic forum as reasonable restrictions that are viewpoint neutral are permitted. The Defendants hereby incorporate by reference the arguments contained in their Motion on these issues. *See* ECF No. 17.

### D. The City Did Not Discriminate Against Plaintiff's Right to Establish or Exercise Any Religion or Denomination

---

[1] Defendants note that they are aware the Court specifically stated that "the Pavilion is a nonpublic forum or, at most, a limited public forum" and that the "standards concerning restrictions of speech for a limited public forum and a nonpublic forum are essentially the same."  ECF No. 45, page 53.

2

As previously stated in the Defendants' initial Motion, Plaintiff has elected to be intentionally obtuse regarding its claims that the City Defendants were somehow hostile toward their religion. They introduce numerous half-baked and ludicrous conspiracy theories about the City Defendant's alleged actions with regards to the United States Bishop's Conference and how that Conference was treated in relation to Plaintiff's own event. In short, Plaintiff has utterly failed to provide any indication as to how the City Defendants have engaged in religious discrimination and, in fact, Plaintiff's conceded that their "rally" was a "political rally" and not a "religious rally" on the record during the Preliminary Injunction Hearing before this Court on October 1, 2021. Plaintiff's counsel's exact words, when questioned regarding the nature of the "rally" itself were that he was "happy to concede it's a political rally." *See* ECF No. 51, pages 12 of 128, lines 18-19. Further, the Court raised this issue in it's Memorandum Opinion regarding the Preliminary Injunction and stated that "there is no evidence to support these claims" and "plaintiff is not likely to succeed on these claims." *See* ECF No. 45, page 72. In further support of its arguments against Plaintiff's claims of religious discrimination, the Defendants incorporate by reference their arguments contained on those issues in their Motion. As such, Plaintiff's claims of religious discrimination should be dismissed.

### E. SMG is Not a State Actor

Plaintiff asserts that "SMG is liable as a state actor." This is simply not true as a matter of law. As stated in the City's Motion, the First Amendment specifically constrains *governmental actors* from violating the constitutional rights of private entities and "[u]nder that doctrine…a private entity may be considered a state actor when it exercises a function 'traditionally exclusively reserved to the State.'" *Manhattan Comm. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1926 (2019) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974)). As stated in Defendants'

Motion, the management of a nonpublic forum pursuant to a contract does not constitute the delegation of a constitutional obligation to a private party. *West v. Atkins*, 487 U.S. 42, 54-55 (1988). Plaintiff not only mischaracterizes the law on this issue, but also fails to comprehend that SMG was in privity with the City via a contract and one party contracting with another does not create the presumption that the parties were "acting jointly." More importantly, it does not transfer a private party into a state actor. In fact, the only thig it does is create the presumption that one party, in this case SMG, was engaged in a contract for some kind of service with another party, in this case the City for the management of the MECU Pavilion. Plaintiff's contentions, put simply, fail to make any sense in the context of what they alleged with regards to the relationship between the City and SMG. How Plaintiff arrived at the conclusion that the management of an event venue is a "function traditionally exclusively reserved to the State" is not supported by law as evidenced by its failure to cite to any applicable law to support this position. The Defendants therefore incorporate by reference the arguments contained in their Motion on this issue and state that Plaintiff's claim that SMG is a state actor must be denied.

### F. As No Contract Was in Existence at the Time of the Alleged Actions of the Defendants, No Breach of Contract Occurred, Nor Did Any Tortious Interference

Plaintiff has once again utterly failed to recognize that the Court has already settled the matter of whether a contract existed at the time of the alleged actions of the Defendants. This argument was also covered extensively by the Defendants in their Motion to Dismiss. *See* ECF No. 117-1 at 28-30. Specifically, no contract existed until November 4, 2021 as negotiations were ongoing and only a single "material term" had been agreed upon prior to that point. *See* ECF No. 95 at 4. In fact, this Court stated **"[b]ecause no contract was entered into between SMG and St. Michael's, SMG cannot be in breach of the contract…"** ECF No. 45 at 81 of 86 (emphasis

added). In addition to the Court's explicit ruling, SMG's position is further bolstered by the fact that Plaintiff subsequently entered into an actual, dually executed contract for the rental of space for the November 2021 event. This contract was executed on November 4, 2021. The four corners of the Second Amended Complaint utterly fail to sufficiently plead the elements required for any executed contract. Most tellingly, this Court has already agreed that no contract existed for the Plaintiff to enforce – without a contract to enforce, breach is not possible. *See* ECF 45 at 73-81 or 86. Further, without a contract, tortious interference is also not possible. The Defendants incorporate by reference their arguments contained in their Motion to Dismiss. *See* ECF 117-1 at 28-30 of 34.

### G. Plaintiff's Claim for Punitive Damages Fails as Matter of Law

Plaintiff accuses the Defendants of requiring the use of "magic words" to advance that they can seek punitive damages without alleging malice. The City is not requiring the use of "magic words," but will employ the exact words of the Supreme Court to prove the utter lack of merit to any punitive damages claim, "[because absolute immunity from punitive damages exists in common law and] that immunity is compatible with both the purposes of § 1983 and general principles of public policy, we hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

The Supreme Court and Fourth Circuit have consistently held that allegations of malice must be alleged and Plaintiffs cannot rely on general allegations. "[M]alice must still be alleged in accordance with Rule 8—a 'plausible' claim for relief must be articulated." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 377 (4th Cir. 2012). And, "Rule 8 does not empower [a plaintiff] to plead the bare elements of his cause of action, affix the label "general allegation," and expect his complaint to survive a motion to dismiss." *Ashcraft v. Iqbal*, 556 U.S.

5

662, 687 (2009). Plaintiff's claim for malice appears to hinge on their idea that the City should have somehow prevented another group of people from renting a private venue over which the City does not own or have any control. The only "sectarian fight" at play here is in the mind of Plaintiff and it cannot attribute "malice" or "ill will" on to a party that has no interest in that one-sided affair. This is evidenced by the fact that Plaintiffs make no specific allegation that Mr. Shea or any other Defendants referenced concerns about religion regarding the rally, only one for public safety. ECF No. 114 at ¶28. As referenced above, even Plaintiff's own counsel called their claim for religious discrimination weak; and, there is no specific allegation of actual malice by any defendant that arises to a viable claim. Therefore, Plaintiffs have failed to make any specific allegation based on a fact that such ill-will or malice exists and cannot overcome the restrictions placed by Rule 8.

The cases cited by Plaintiff provide it with no support. *Cooper v. Dyke*, 814 F.2d 941 (1987) involved police officers who deliberately ignored a detainee's medical needs after he suffered a gunshot wound. *Id.* at 944. There are no such concerns in this case. And, the *Cooper* court never reached the issue of pleading a punitive damages claim. *See, id*. Further, Plaintiff's citation is *Owens-Illinois, Inc. v. Zenobia*, 325 Md. 420 (1992) is likewise dubious. *Zenobia* was a products liability matter wherein the Maryland Court of Appeals held that a punitive damages claim still requires a plaintiff to plead and prove evil motive, intent to injure, and ill will, *i.e.*, actual malice. *Id.* at 460. Plaintiff has failed to plead any of the above for any defendant pursuant to Fed. R. Civ. P. 8. Further, as articulated in the City's original motion, Plaintiff has not and cannot prove a case for tortious interference because, as this Court has already ruled, there was never a contract to interfere with, and punitive damages are not available for any of their contract-based claims. *See* ECF No. 45, at 81 of 86 ("there is no contract to enforce…").

## V. Conclusion

For the reasons stated herein, Defendants Mayor and City Council of Baltimore, Brandon M. Scott, and James L. Shea, and SMG respectfully request that this Honorable Court grant their motion and dismiss all claims filed against the Defendants with prejudice, as well as order any and all other relief it deems appropriate.

Date: December 22, 2022                Respectfully submitted,

*/s/ Renita L. Collins*
_____
RENITA L. COLLINS (#28637)
Chief Solicitor
HANNA MARIE C. SHEEHAN (#19531)
Chief Solicitor
Baltimore City Law Department
100 N. Holliday Street
City Hall Baltimore, MD 21202
Phone: 410-396-3930
Fax: 410-547-1025
Renita.Collins@baltimorecity.gov
Hanna.Sheehan@baltimorecity.gov
*Counsel for Defendant Mayor and City*
*Council of Baltimore, City Solicitor James L. Shea,*
*Mayor Brandon M. Scott, and SMG*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of December 2022, Defendants' *Reply* was served via the Court's CM/ECF electronic filing system on Counsel of Record.

*/s/ Renita L. Collins*
RENITA L. COLLINS (#28637)